**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **AMERICAN HOLLOW BORING COMPANY,** ) | Case No. 18-10597 (TPA) |
| ) | |
| Debtor. ) | Chapter 11 |
| ) | |
| _____ ) | Related to Docket No.: 55 |
| ) | |
| ) | Hearing: August 30, 2018 at 9:30 a.m. |
| **PENNSYLVANIA ELECTRIC COMPANY,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | |
| ) | |
| **AMERICAN HOLLOW BORING COMPANY,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**STIPUATION RESOVLING MOTION**
**OF PENNSYLVANIA ELECTRIC COMPANY TO:**
**(A) VACATE, AND/OR RECONSIDER, AND/OR MODIFY ORDER**
**GRANTING DEBTOR'S MOTION TO DETERMINE ADEQUATE ASSURANCE OF**
**PAYMENT; AND (B) SEEK ADEQUATE ASSURANCE OF PAYMENT**

Pennsylvania Electric Company ("Penelec"), a post-petition creditor in the above-captioned bankruptcy proceeding, and Debtor American Hollowing Boring Company (the "Debtor") (Penelec and the Debtor collectively the "Parties"), by and through their respective counsel, as reflected by the signatures of their respective undersigned counsel below, hereby agree and stipulate to resolve the *Motion of Pennsylvania Electric Company To: (A) Vacate, and/or Reconsider, and/or Modify Order Granting Debtor's Motion To Determine Adequate*

*Assurance of Payment; and (B) Seek Adequate Assurance of Payment* (the "Motion")(Docket No. 55), as follows:

### Recitals

1.    On June 15, 2018 (the "Petition Date"), the Debtor commenced its case under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") that is now pending with this Court. The Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2.    On the Petition Date, the Debtor filed the *Motion To Determine Adequate Assurance of Payment of Utilities* (the "Utility Motion") (Docket No. 7).

3.    On June 21, 2018, the Court entered the *Order Granting Debtor's Motion To Determine Adequate Assurance of Utility Payments* (the "Utility Order") (Docket No. 23).

4.    The Utility Order contains the following injunctive provision:

"Utility Providers are prohibited from unilaterally altering, refusing or discontinuing utility services to the Debtor so long as the Debtor is in compliance with this Order; subject to possible subsequent modification by the Court after notice and hearing."

(the "Injunctive Relief"). Utility Order at page 2.

5.    Penelec provided the Debtor with prepetition utility goods and/or services and has continued to provide the Debtor with utility goods and/or services since the Petition Date.

6.    On July 19, 2018, Penelec filed the Motion.

7.    On July 20, 2018, the Court entered the *Order Scheduling Date For Response and Hearing on Motion* (Docket No. 57) which set a hearing on the Motion to take place on August 30, 2018 at 9:30 a.m.

**Stipulation**

7.      The terms of the Utility Order shall not apply to Penelec, including but not limited to the Injunctive Relief.

8.      Within five (5) business days from entry of the Order approving this Stipulation, the Debtor shall provide Penelec with a one-month cash deposit in the amount of $2,531 (the "Deposit") as adequate assurance within the meaning of Section 366(c) of the Bankruptcy Code, and send it to the following person and address:

>   Pennsylvania Electric Company
>   Attn: Kathy M. Hofacre
>   FirstEnergy Corp.
>   76 S. Main St., A-GO-15
>   Akron, OH  44308

9.      The Debtor shall pay all undisputed post-petition bills received from Penelec for post-petition utility charges on or before the applicable due date on the invoice, which is a due date in accordance with applicable state laws, regulations and/or tariffs.  In the event that the Debtor does not timely pay the post-petition invoices from Penelec, Penelec can terminate service to the Debtor for non-payment in accordance with state laws, regulations and/or tariffs without having to seek Court approval.

10.     In the event that the payment of a post-petition bill is past-due, Penelec will provide Debtor's counsel with a copy of any notice of termination that Penelec sends to the Debtor.

11.      If the Debtor no longer requires service at an account, it shall contact Penelec and request that service be terminated to that account.  After a post-petition account

is closed and all post-petition bills for that account are paid in full, Penelec shall promptly refund any remaining cash Deposit on that account to the Debtor.

12. The Debtor shall provide Penelec with advance written notice as to when it will no longer require utility goods/services from Penelec that shall be received by Penelec at least three (3) business days prior to the date that the Debtors no longer require utility goods/services from Penelec.

13. This Stipulation may not be amended, supplemented or otherwise altered except by written agreement of the Parties.

14. The parties agree that upon entry of an Order approving this Stipulation the Motion shall be deemed resolved and the hearing scheduled for August 30, 2018 at 9:30 on the Motion can be removed the Court's docket.

**Stipulated and Agreed to By:**

/s/ Russell R. Johnson III
Russell R. Johnson III, Virginia State Bar No. 31468
Member of The United States District Court for the
Western District of Pennsylvania since July 8, 2015
Law Firm of Russell Johnson III, PLC
2258 Wheatlands Drive
Manakin-Sabot, Virginia  23103
Phone: (804) 749-8861
Facsimile: (804) 749-8862
Email: russell@russelljohnsonlawfirm.com
*Counsel for Pennsylvania Electric Company*

/s/ Guy C. Fustine
Guy C. Fustine
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, Pennsylvania  16501-1461
Phone:  (814) 459-2800
Email:  gfustine@kmgslaw.com
*Debtor's Counsel*