IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | ) Case No. 18-10597-TPA |
| | ) Chapter 11 |
| AMERICAN HOLLOW BORING | ) |
| COMPANY, | ) Docket No. |
| | ) |
| Debtor | ) |

**PLAN OF REORGANIZATION DATED JUNE 12, 2019**

AND NOW, comes American Hollow Boring Company (hereinafter referred to as the "Debtor"), with this Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code, as follows:

TABLE OF CONTENTS:

| | |
|---|---|
| Article I | Definitions |
| Article II | General Terms and Conditions |
| Article III | Classification of Creditors and Claims |
| Article IV | Treatment of Creditors and Claims |
| Article V | Owners' Contribution To Plan |
| Article VI | Execution and Implementation of Plan |
| Article VII | Executory Contracts and Leases |
| Article VIII | Discharge and Retention of Jurisdiction |

## ARTICLE I

## DEFINITIONS

Any term defined in the Bankruptcy Code and not otherwise defined in the Plan shall have the meaning specified in the Bankruptcy Code.

1.1   Administrative Claim:  Any Allowed Claim entitled to priority under Sections 503 and/or 507 of the Bankruptcy Code, including but not limited to professional fees and § 503(b)(9) claims.

1.2   Allowed Claim:  A Claim, proof of which is timely filed with the Bankruptcy Clerk or which was scheduled as liquidated, undisputed and non-contingent and as to which no objection to Claim has been made within the period of time fixed by the Bankruptcy Code, Bankruptcy Rules or Order of Court, or as to which Claim an objection is filed and resolved by a Final Order of the Bankruptcy Court to the extent determined in favor of the holder of such Claim.

1.3   Assumed or Rejected Executory Contracts and Leases:  The executory contracts and leases which are assumed or rejected by the Debtor under Bankruptcy Code Section 365.

1.4   Bankruptcy Code:  Title 11 of the United States Code, as amended.

1.5   Bankruptcy Court:  The United States Bankruptcy Court for the Western District of Pennsylvania at Erie.

1.6   Bankruptcy Rules:  The Federal and Local Rules of Bankruptcy Procedure, as amended.

1.7   Bar Date:  The deadline to file a Proof of Claim in the above-captioned matter (November 23, 2018 for all Creditors except governmental units; December 12, 2018 for governmental units).

    1.8    Claim:  Any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured, known or unknown; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, disputed, undisputed, known, unknown secured or unsecured.

    1.9    Closing:  The place and time at which the documents, if any, required by the Plan, including but not limited to any documents providing for financing under the Plan, will be executed; and, the initial distribution under the Plan will be accomplished, following and pursuant to a Final Order confirming the Plan.

    1.10    Code:  The Bankruptcy Code.

    1.11    Code Created Causes of Action:  Collectively, (a) causes of action, Claims, rights and remedies created by or arising under the Bankruptcy Code, including but not limited to collecting receivables and avoiding transfers as necessary and appropriate under Sections 542, 544, 547, 548, 549 and 550 of the Bankruptcy Code; (b) causes of action, claims, rights and remedies in favor of the Debtor, the estate and creditors, against any third party; and (c) all of the recoveries and proceeds from (a) and (b).

    1.12    Committee:  Official Committee of Unsecured Creditors, if one is appointed (no committee has been appointed to date).

    1.13    Confirmation Date:  The date on which the Confirmation Order is docketed by the Clerk of the Bankruptcy Court.

    1.14    Confirmation Order:  An Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of Chapter 11 of the Bankruptcy Code.

1.15    Confirmation Deposit Fund:  A fund to be established by the Debtor and the equity security interest holders in Class 7, earmarked for the payment of Administrative Claims and other claims to be paid on the Effective Date including but not limited to Class 1 and Class 4 Claims.

1.16    Court:  Bankruptcy Court.

1.17    Creditor:  Any person or entity having a Claim against the Debtor.

1.18    Creditors' Committee:  The Official Committee of Unsecured Creditors if one is appointed.

1.19    Debtor:  American Hollow Boring Company

1.20    Disclosure Statement Hearing Date: The hearing date set by the Court to consider this Disclosure Statement

1.21    Effective Date:  The first business day that is eleven (11) days from and after the Confirmation Date.

1.22    Estate:  The Chapter 11 Estate for the Case.

1.23    Final Order:  An Order as to which the time to appeal or to seek review or rehearing has expired and as to which no appeal or other proceeding for review or rehearing shall be pending or, in the event that an appeal is timely filed, such Order shall have been affirmed by the highest court to which it was appealed.

1.24    General Claims:  Allowed, pre-Petition, general unsecured Claims, not including Secured Claims, Administrative Claims or Priority Claims.

1.25    General Creditor:  Creditor holding a General Claim.

    1.26    Labor Contract: Agreement between American Hollow Boring Company and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union, AFL-CIO-CLC, effective October 24, 2016.

    1.27    New Value Contribution: Minimum $10,000 contribution from the equity security interest holders pursuant to Paragraph 5.1.

    1.28    Plan: This Plan of Reorganization.

    1.29    Priority Wages and Vacation Pay: Allowed Claims for wages, vacation pay and commissions, if any, but only to the extent that they are entitled to priority treatment under 507(a)(3) of the Bankruptcy Code, and only to the extent that they are not, or were not, paid in the ordinary course of business or pursuant to Order of the Bankruptcy Court.

    1.30    Real Estate Taxes: Allowed Claims for real estate taxes which are secured by liens against the Debtor's real property, but which are classified and treated hereunder as Priority Taxes.

    1.31    Rejection Claim: Allowed Claim arising from the rejection of an executory contract or unexpired lease pursuant to Section 1123(b)(2) of the Bankruptcy Code.

    1.32    Secured Claim: A Claim to the extent of the value of any interest in property securing such Claim, as agreed to by the holder of such Claim or as determined by the Bankruptcy Court.

    1.33    PBGC: Pension Benefit Guaranty Corporation.

    1.34    PBGC Settlement Agreement: That certain Settlement Agreement dated May 7, 2019 between the Debtor and the Pension Benefit Guaranty Corporation, approved by Order of the Bankruptcy Court dated May 7, 2019 at Docket No. 167.

1.35    Unclaimed Funds:  Distributions made pursuant to the Plan which are unclaimed after six (6) months.  Unclaimed funds shall include:  (1) checks and funds represented by the checks which have been returned as undeliverable without a proper forwarding address; (2) funds for checks which have not been presented for payment; and, (3) checks and the funds represented by the checks which are not mailed or delivered because of the absence of a proper address to mail or deliver the checks.

## **ARTICLE II**

### GENERAL TERMS AND CONDITIONS

The following general terms and conditions apply to the Plan:

2.1    Various Claims:  Various types of Claims are defined in the Plan.  The Plan is intended to deal with all claims against the Debtor of whatever character, and whether or not disputed, contingent or liquidated.  However, only Allowed Claims will receive the treatment afforded by the Plan.

2.2    Securities Laws:  Satisfaction provided to a Creditor which is deemed to be a security is exempt from registration under federal and state securities laws by virtue of Section 1145 of the Bankruptcy Code.

2.3    Disbursing Agent:  The controller for the Debtor, Aimee L. Gevirtz, will serve as the Disbursing Agent.

2.4    Transfers Free and Clear of Liens:  Except as specifically provided for in the Plan, transfers and conveyances under the Plan shall be free and clear of liens, Claims and encumbrances, pursuant to Sections 363, 1123 and/or 1141 of the Bankruptcy Code.

2.5    Transfers Free and Clear of Real Estate Transfer Taxes:  Real estate transfers and conveyances under the Plan shall be exempt from all real estate transfer taxes

pursuant to Bankruptcy Code Section 1146(c).  The recorder shall record such Deed or Deeds without any requirement of transfer taxes from any source, including but not limited to the Bank, the Debtor or the purchaser(s)/transferee(s).  This exemption shall apply to all real estate transfers and conveyances under the Plan even if the real estate is contributed to the Plan by a third party and, but for the third party contribution, would not otherwise have been an asset of the Debtor or the estate.

       2.6      Time for Filing Claims:  All Creditors are required to file Proofs of Claim on or before the applicable Bar Date.  Creditors holding Rejection Claims are required to file Proofs of Claim on or before the separate Bar Date for Rejection Claims.  Creditors holding Claims incurred after the Order for Relief need not file a Proof of Claim and will be paid when due and payable in the ordinary course of business, or as otherwise agreed by the holders of said Claims.  Professional fees and expenses incurred before the Confirmation Date will only be paid if approved by the Bankruptcy Court after notice and hearing.  All Creditors are referred to applicable bankruptcy law for information concerning when and under what circumstances Claims are legally deemed to be filed.

       2.7      Modifications to Plan:  This Plan may be modified or corrected prior to the Confirmation Date without notice and hearing and without additional disclosure provided that the Court finds that such modification does not materially or adversely affect any Creditor or class of Creditors who has not accepted the modification.

       2.8      Rule of Construction:  A definition in Article I that refers to the singular includes the plural, and a definition that refers to the plural includes the singular, where appropriate.

2.9     Severability: Should the Court determine that any provision in the Plan is either illegal on its face or illegal as applied to the facts, subject to Section 1127 of the Code and Bankruptcy Rule 3019, such provisions shall be unenforceable as to all interested parties or as to the interested party or parties with respect to whom the provision is held to be illegal.  Such a determination by the Court shall in no way limit or affect the enforceability or operation of any other provision of the Plan.

## ARTICLE III

### CLASSIFICATION OF CREDITORS AND CLAIMS

3.1     Class 1:  Secured Claims (unimpaired).  Class 1 shall consist of the PBGC Claim, as set forth in the PBGC Settlement Agreement, including but not limited to a mortgage in favor of the PBGC, providing the PBGC with a mortgage lien against the Debtor's real estate located at 1901 Raspberry Street, Erie, Pennsylvania in the amount of $150,000.

3.2     Class 2:  Priority Wage and Vacation Pay Claims (unimpaired).  Class 2 shall consist of employee vacation Claims earned within 180 days before the Petition Date for vacation pay earned by individual employees to be paid under the terms of the Labor Contract and pursuant to 11 U.S.C. §507(a)(4).

3.3     Class 3:  Administrative Claims (unimpaired).  Class 3 shall consist of Administrative Claims, including but not limited to post-Petition Date Claims incurred in the ordinary course of business, fees due to the Office of the United States Trustee, fees and costs due to the Bankruptcy Court Clerk, and professional fees and costs on behalf of the Debtor.  No fees for professional services rendered prior to Plan Confirmation will be paid without a fee application and Court order approving the fees, after notice and hearing.

       3.4       Class 4:  Assumed Executory Contracts and Leases (unimpaired).  Class 4 shall consist of the Claims (for cure) arising from the assumption of executory contracts and/or leases under Section 365 of the Code, excluding the Priority Wage and Vacation Pay Claims which will be paid in full under Class 2.

       3.5       Class 5:  Convenience Class of Allowed General Unsecured Claims, which are equal to or less than $2,000.00 per Claimant (impaired).  The total amount of Class 5 Claims is estimated to be $20,722.41.

       3.6       Class 6:  Allowed General Unsecured Claims, which are greater than $2,000.00 (impaired).  Class 6 shall consist of Allowed General Claims, including Allowed Rejection Claims, which are greater than or equal to $2,000.00.  The total amount of Class 6 Claims is estimated to be $31,707.13.

       3.7       Class 7:  The equity security interest holders of American Hollow Boring Company, Aimee L. Gevirtz, Donna Struble, Eleanor G. Berry, Geoffrey B. Ginader, James G. Barstad, Joseph H. Armour, Judith L. Scott, Karen Brandel, Marion A. Sipple, Michael D. Granahan, Stanley & Joan Butler and Timothy A. Kaercher (impaired).

## ARTICLE IV

### TREATMENT OF CREDITORS AND CLAIMS

       4.1       Class 1:  The Class 1 PBGC Secured Claim will be paid in accordance with the Settlement Agreement filed with the Court on April 12, 2019 as Amended Exhibit A to the Motion to Approve Settlement filed at Doc. No. 161 and approved by the Bankruptcy Court on May 7, 2019 at Doc. No. 167, which is incorporated herein.  Debtor-in-Possession shall pay the PBGC one payment of $75,000 ("Initial Payment") within fifteen days of the Bankruptcy Court's approval of the Plan of Reorganization; and, seventeen (17) subsequent annual

installment payments ("Annual Payments") of $46,567, starting on the one-year anniversary of the Initial Payment.  The PBGC Claim will be secured by a mortgage lien against the Debtor's real estate located at 1901 Raspberry Street, Erie, Pennsylvania 16502, to be signed and filed of record in the Erie County, Pennsylvania Recorder's Office on or about the Effective Date.

       4.2       Class 2:  The Priority Wages and Vacation Pays Claims will be paid in the ordinary course pursuant to the terms of the Labor Contract between American Hollow Boring Company and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy Allied Industrial and Service Workers International Union, AFL-CIO-CLC.

       4.3       Class 3:  Administrative Claims shall be paid in full on the Effective Date, in the ordinary course of business or pursuant to agreement between the Debtor and the Claimant.  The professional fees are subject to Bankruptcy Court approval upon application and after notice and hearing.  Any legal retainers shall be accounted for and paid, subject to Court approval.

       4.4       Class 4:  The Class 4 Claims to cure the Assumed Executory Contracts and Leases, identified on Exhibit A hereto, shall be paid on the Effective Date in accordance with the terms and conditions set forth in Article VII hereof.

       4.5       Class 5:  The Class 5 Allowed Convenience Claims which are less than $2,000.00 shall be paid in full three (3) months after the Effective Date.

       4.6       Class 6:  The Class 6 Allowed General Unsecured Claims which are equal to or greater than $2,000.00 shall be paid the face amount of the Claims in full (without interest) in three (3) equal installments to be paid as follows:  one-third six (6) months after the Effective Date; one-third eighteen (18) months after the Effective Date; and, one-third thirty (30) months after the Effective Date.

       4.7       Class 7: The fourteen (14) equity security interest holders shall have the opportunity to retain their respective interests in exchange for an equity contribution on the Effective Date, as follows: one or more shareholders shall contribute $0.50 per share in cash to maintain their equity portion based upon the number of shares owned by each shareholder respectively. Shareholders must purchase the same amount of shares previously owned. The shareholders must declare their intent to purchase their shares prior to the Disclosure Statement Hearing Date. The equity security interest holders who contribute to the New Value Contribution will own 100% of the equity of the reorganized Debtor. All Prepetition Equity Interests in the Debtor other than those contributing the New Value Contribution will be terminated. The Members' contributions shall not be repaid upon retention of their ownership interests.

## ARTICLE V

### OWNERS' CONTRIBUTION TO PLAN

       5.1       Contribution to Plan: The equity security interest holders will contribute to the Plan on the Effective Date as set forth in Article VI. If at the time of the Disclosure Statement Hearing the combined contributions of the shareholders does not equal $10,000, those shareholders who have participated may purchase an equal amount of shares to make up the difference of $10,000 to maintain their percentage of ownership in the company. Aimee L. Gevirtz and Geoffrey B. Ginader are committed to funding up to $10,000.

## ARTICLE VI

### EXECUTION AND IMPLEMENTATION OF THE PLAN

       6.1       Sources of Payments: The sources of payments will include funds contributed by the equity security interest holders from their individual assets, to be made

11

available on the Effective Date; revenues generated by the Debtor's business operations; and, cash on hand. Current income from the ordinary course of business will also be used to pay current operating expenses.

      6.2    Closing: On or about the Effective Date, the Debtor and other interested parties shall execute and file all documents necessary to implement the Plan, including but not limited to the PBGC Mortgage; the Equity Security Interest Holders' contribution to the Plan; and, the Disbursing Agent's initial distribution under the Plan.

      6.3    Default: The Debtor shall be in default under the Plan if it fails to make any payment required to be made, or fails to take action required to be taken, under the Plan within thirty (30) days after it is due.

      6.4    Right to Cure: The Debtor shall have the right to cure any default under the Plan within thirty (30) days after receiving written notice of default from a party whose obligation is in default. The right to cure any default under the terms of the PBGC Settlement Agreement is set forth in the Settlement Agreement and incorporated herein by reference.

      6.5    Collection: Upon an occurrence of an uncured default under the Plan, a party whose obligation is in default may take appropriate action to collect the amount due.

      6.6    Unclaimed Funds: Unclaimed Funds shall become the property of the Debtor subject to the Creditor's right to demand payment provided that the demand is made within six (6) months after the payment was initially tendered, and provided that all professional fees to date have been paid. Otherwise, Unclaimed Funds shall be used first to pay any unpaid professional fees.

      6.7    Objections to Claims and Commencement of Code Created Causes of Action: After the Confirmation Date, the Court will issue a Post-Confirmation Order in

accordance with the Bankruptcy Rules. The Post-Confirmation Order, among other things, will establish a deadline for interested parties to file objections to claims. Any Claim which is not subject to a timely filed objection shall be allowed. The Post-Confirmation Order, among other things, will also establish a deadline to file the Code Created Causes of Action. If viable, Debtor's attorney will file appropriate complaints in the Bankruptcy Court or other court or courts of appropriate jurisdiction to pursue the Code Created Causes of Action on behalf of the Estate. The proceeds of any such action shall be used first to pay the reasonable attorney's fees and costs incurred in connection with pursuing the action; then to pay any outstanding fees for professionals, which were not paid previously; then to pay Creditors as required by the Plan in their order of priority.

      6.8    Management after Closing: The Debtor will manage the business after Closing. Information regarding the Debtor's management is set forth within the Disclosure Statement.

      6.9    No Transfer Taxes: The sale or transfer of properties under the Plan shall be free from any and all stamp or similar transfer taxes pursuant to Section 1146 of the Bankruptcy Code.

## ARTICLE VII

### EXECUTORY CONTRACTS AND LEASES

      7.1    Assumption of Executory Contracts and Leases: On the Effective Date, the executory contracts and unexpired leases set forth on Exhibit A to the Plan shall be assumed by the Debtor. Any executory contract or unexpired lease which is not set forth on Exhibit A or otherwise assumed prior to the Effective Date, or as to which no motion to assume is pending on

13

the Effective Date, shall be deemed rejected on the Effective Date in accordance with provisions of §365 of the Bankruptcy Code.

       7.2     Bar Date for Rejection Damages:  If the rejection of the executory contract or unexpired lease results in damages to the other party or parties to such contract or lease, the Claim for such damages shall be forever barred and shall not be enforceable, and no holder of any such Claim shall participate in any distribution under the Plan, unless a proof of claim is filed with the Bankruptcy Court and served upon the attorney for the Debtor by the earlier of thirty (30) days after the Effective Date or thirty (30) days after the entry of the Order of the Bankruptcy Court providing for rejection of such contract or lease.  Objections to any such Claims shall be served and filed thereafter.  An Allowed Rejection Claim shall be paid as a General Claim under the Plan.

## ARTICLE VIII

### DISCHARGE AND RETENTION OF JURISDICTION

       8.1     The Debtor shall be discharged and released from all debts and Claims dischargeable under the Bankruptcy Code on the Confirmation Date.

       8.2     The Bankruptcy Court shall retain jurisdiction after the Confirmation Date for the following purposes:

       8.3     To hear and determine objections to claims.

       8.4     To hear and determine Code Created Causes of Action and other causes of action arising prior to commencement of, or during the pendency of, this proceeding, including but not limited to the list of potential defendants set forth on Exhibit B.  Exhibit B is, or will be, attached to the Plan before the hearing on the Disclosure Statement.

       8.5    To hear and determine any dispute arising out of the Plan, including but not limited to any dispute regarding legal fees, and to consider any modification or amendment of the Plan.

       8.6    To enforce any provision of the Plan.

8.7    At any time, the Bankruptcy Court may issue orders and give directives to any party subject to the Court's jurisdiction to implement the Plan pursuant to Section 1142 of the Bankruptcy Code.

| **Attorney for Debtor:** | **Debtor:** |
|---|---|
| Guy C. Fustine, Esquire | American Hollow Boring Company |
| 120 West Tenth Street | |
| Erie, Pennsylvania 16501-1461 | |

Date: June 12, 2019    Respectfully submitted,

AMERICAN HOLLOW BORING COMPANY

*/s/ Aimee Gevirtz*
By: Aimee Gevirtz, Secretary/Treasurer

Date: June 12, 2019    KNOX McLAUGHLIN GORNALL & SENNETT, P.C.
Attorneys for Debtor

By: */s/ Guy C. Fustine*
Guy C. Fustine
PA I.D. No. 37543
120 West Tenth Street
Erie, Pennsylvania 16501-1461
(814) 459-2800
gfustine@kmgslaw.com

# 2064677.v1

# **EXHIBIT A**

Executory contracts and leases to be assumed:

| | |
|---|---|
| Erie Industrial Supply | Tool vending machine rental agreement |
| Hagan Business Machines | Copy service contract |
| Lincoln Financial Group | Contract for life, ADD and retiree life insurance policy |
| Lincoln Financial Group | Long term disability insurance |
| Penn National Security Insurance Co. | Contract for commercial property, general liability and inland marine insurance |
| Penn National Security Insurance Co. | Contract for business auto insurance |
| Penn National Security Insurance Co. | Contract for workers comp policy |
| Penn National Security Insurance Co. | Contract for umbrella liability policy |
| Shoptech | ERP software maintenance agreement |
| The Hartford | Contract for business travel accident policy |
| United Steel Workers | Collective bargaining agreement |
| UPMC | Health insurance contract |
| NQA USA | Certification |

## **EXHIBIT B**

Objection to Claim No. 6 filed by Harrington Industrial Laundry, 3854 West 20th Street, Erie, Pennsylvania 16505.